SHORES, Justice.
The question presented by this appeal is whether the state or county is liable for the employer’s share of social security tax on salary supplements paid to state personnel from the county treasury.
The trial court held, in a declaratory judgment action brought by the county, that the county was liable. It appealed. We reverse.
*117 The Federal Social Security Act was amended in 1950 by the inclusion of § 218, 42 U.S.C. § 418, to allow states to contract with the Federal Government for social security coverage for state and local employees. In that same year, the Alabama Legislature passed Act No. 48, Acts of Alabama 1950, Fifth Special Session, page 102, approved November 1,1950, which created the State Agency for Social Security and authorized it to enter into an agreement with the Federal Security Administrator to extend to employees of the state and its political subdivisions the benefits of the Social Security Act. Both § 218 of the Social Security Act and Act No. 48, supra, contemplated a voluntary agreement between the Federal and State Agencies. Section 5 of Act No. 48 provided for an agreement between the State Agency and the county to extend social security benefits through the State Agency to the county (and though not here pertinent, to the municipal level).
Both the Federal-State Agency agreement and the State-Agency-County agreement were executed and implemented.
Thereafter, from time to time, the legislature passed a number of local acts by which the state compensation of certain state officials was supplemented from the Jefferson County Treasury. The state officials whose salaries were supplemented by these acts were circuit judges, the district attorney, the deputy district attorney and their assistants. With the enactment of these supplemental pay bills, the county (according to its allegations unwittingly) began to withhold an employee’s share of FICA tax and to pay in an employer’s share on the amount of supplemental pay in addition to the amount being withheld and paid in by the state on the state salary.
The Social Security Act sets out a maximum amount of salary against which the tax is to be withheld; and there are provisions for reimbursement to the employee of excess withholding. However, the law does not provide for reimbursement of the employer’s part which the county contends it unwittingly paid.
In 1975, the Legislature passed Act 1205, Acts of Alabama 1975, page 2384, approved October 10, 1975, by which county judges became district judges paid by the state and circuit clerks and registers, theretofore county employees, became state employees.
The county then sought an opinion concerning its liability for the payment of FICA on the amount of judges’ salary supplement. The Director of the Bureau of Retirement and Survivors Insurance, Department of Health, Education, and Welfare, Social Security Administration, opined:
“The question of the county liability is an intrastate matter in which SSA is not involved. As you are aware the State is responsible for all contributions due under the Section 218 coverage agreements. We do not know whether the State will look to the county for part of the contributions in this case. The county's should, therefore, be advised to discuss the question with the State Administrator’s office.
“If the allegation is correct [referring to the effect of Act 1205], beginning January 16,1977, the judges will be employees of the State. They will not be county employees. In this case, only the State will report wages for social security purposes. However, as you are aware the source of the compensation does not determine the wage status. Both the compensation paid by the State and the supplement paid by the county must be reported as wages to the extent of the annual maximum. For SSA purposes the fact that the compensation by the State is at least equal to the maximum reportable for each year is inmaterial. The wages (compensation plus supplement) must be accurately reported for each calendar until the maximum is reached.”
When Mr. Swindle, as Director of the State Agency for Social Security, directed Jefferson County to pay a portion of the employer’s contribution of FICA on behalf of circuit judges, district judges, district attorney, assistant district attorney and circuit clerk, the county commenced this litigation.
*118 Both sides agree that the comity’s liability for the employer’s share of FICA depends upon whether the relationship of employer-employee exists between the county and the affected class. The State Agency contends that such relationship does exist and the county contends that it does not. The trial court concluded:
“The Court finds that members of the affected class are employees of the political entity [county] within the meaning of the common law test in that the political entity [county] furnishes the employee a place to work.”
The allusion by the trial court to the common law definition of employee was directed by § 210(k) of the Social Security Act, 42 U.S.C. § 410(j)(2), which provides:
“The term ‘employee’ means—

“(2) any individual who, under the usual common law rules applicable to determining the employer-employee relationship, has the status of an employee

The agreement executed between the Federal Security Administrator and the state defines employee by reference to that section:
“The term ‘employee’ means an employee as defined in Section 210(k) of the Social Security Act and shall include an officer of the State or of a political subdivision thereof.”
The State-County agreement provides for its execution “in order to extend to employees of said political subdivision” and defines employee as follows:
“The term ‘employee’ means an employee as defined in Section 210(k)(2) of the Social Security Act and shall include an officer of the political subdivision.”
Are these affected officials employees of the county under the rules of common law?
The parties stipulated that the county has no supervision, no control, no right to control and does not exercise any control of any individual in the affected class. The county has no right to hire, fire or fill any vacancy of any member of the affected class.
Circuit judges and district attorneys have specifically been declared state officers and not county officers. In re Opinions of Justices, 225 Ala. 359, 143 So. 345 (1932). By legislation, the deputy district attorneys involved are designated state officers. Act No. 523, Acts of Alabama 1975, page 1174; Act No. 245, Acts of Alabama 1975, page 773.
District judges, circuit clerks, registers and court employees are made state officers and employees by Act No. 1205, supra. Even so, can they be considered employees of the county as that term is used in the Social Security Act? We think not. Although, perhaps not completely controlling, the administrative regulations indicate some of the factors which should be considered in determining whether an employer-employee relationship exists for social security purposes. 20 C.F.R. § 404.1004(c)(2), and 26 C.F.R. § 31-3121(d)-l(c)(2), provide:
“Generally such relationship exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but. also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work, to the individual who performs the services.
The United States Court of Appeals, Flemming v. Huycke, 284 F.2d 546 (9th Cir. 1960), considered the question and held that the proper test required a consideration of *119 the totality of the situation as opposed to a single factor.
Considering all of the factors involved in this case, we must conclude that the relationship of employer-employee does not exist between the county and the affected officials. The state is the employer under the Social Security Act and, as such, must bear the employer’s share of the social security tax.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.